IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-170 |
| Plaintiff, | |
| v. | **UNITED STATES' OPPOSITION TO SIXTH MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)(1)(A) AND THE FIRST STEP ACT** |
| KEVIN D. WANNER, | |
| Defendant. | |

The United States of America, by Jennifer Klemetsrud Puhl,  United States Attorney, and Shanon M. Gregor, Assistant United States Attorney, hereby submits this opposition to Defendant, Kevin D. Wanner's sixth pro se motion and supplements thereto seeking relief under 18 U.S.C. § 3582(c)(1)(A). (Docs. 174, 174-1, 175.) Still pending before the Court is Wanner's fifth pro se motion seeking the same relief for the same reasons. (See Docs. 158, 160, 163, 165–173 (et al.).)

The United States opposes Wanner's sixth pro se motion for the reasons stated in its brief in opposition to the fifth pro se motion and incorporates those arguments by reference. (Doc. 164.)

However, before even reaching the merits, this motion must be denied because Wanner has not exhausted his administrative remedy as to the latest claim. There is no evidence in the record that Wanner submitted a request to the Bureau of Prisons prior to making his latest motion. See 18 U.S.C. § 3582(c)(1)(A) ("the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

of 30 days from the receipt of such a request by the warden . . .”). The Eighth Circuit

Court of Appeals has held that the district court is required to dismiss a compassionate

release motion when the government raises the exhaustion issue, and the inmate has

failed to exhaust his administrative remedies prior to filing the motion. See United States

v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). The district court does not have discretion

to excuse or waive the exhaustion requirement when raised by the United States. See id.

(“This requirement is a mandatory claim-processing rule[.] . . . As such, it must be

enforced so long as the opposing party properly raises it.”) (cleaned up).

     Accordingly, because the United States has raised failure to exhaust administrative

remedies, and there is no evidence that Wanner made a request to the warden of his

facility before bringing this latest motion, the Court must dismiss the motion.

     Dated:  September 14, 2022

JENNIFER KLEMETSRUD PUHL
United States Attorney

By:    */s/ Shanon M. Gregor*
       SHANON M. GREGOR
       Assistant United States Attorney
       ND Bar ID 05811
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       shanon.gregor@usdoj.gov
       Attorney for United States

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, the United States' Opposition to Sixth

Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act was filed

electronically with the Clerk of Court through ECF.

I further certify that a copy of the foregoing document will be mailed by first class

mail, postage paid, to the following non-ECF participant:

Kevin D. Wanner
16722-059
DULUTH FEDERAL PRISON CAMP
Inmate Mail/Parcels
P.O. Box 1000
Duluth, MN  55814

Dated:  September 14, 2022

/s/ Linda J. Collins
Linda J. Collins
Office of the United States Attorney