IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Kevin D. Wanner, | ) | Case No. 1:17-cr-170 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on June 25, 2024. See Doc. No. 214. The Government filed a response in opposition to the motion on July 30, 2024. See Doc. No. 219. The Defendant filed a reply brief August 14, 2024. See Doc. No. 221. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

On July 23, 2018, Wanner pled guilty to one count of mail fraud and one count of money laundering. See Doc. No. 32. The Court sentenced Wanner to 135 months imprisonment, with credit for time served, on count one; and 120 months imprisonment, with credit for time served, on count two. See Doc. No. 34.

On April 7, 2020, Wanner filed his first *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), which this Court denied, without prejudice, because Wanner had not exhausted his administrative remedies. See Doc. Nos. 56 and 60.

On June 24, 2020, Wanner filed a second *pro se* motion seeking compassionate release to serve the remainder of his sentence on home confinement under 18 U.S.C. § 3582(c)(1)(A) citing the COVID-19 pandemic as an "extraordinary and compelling" reason for a sentence reduction. See Doc.

1

No. 62. The Government filed a response in opposition to the motion contending Wanner had not provided an appropriate basis for compassionate release. See Doc. No. 73. The Court denied the motion on August 25, 2020. See Doc. No. 75. On October 2, 2020, Wanner filed a *pro se* motion for reconsideration of the Court's Order denying a sentence reduction. See Doc. No. 76. The Court denied Wanner's motion to reconsider on October 27, 2020. See Doc. No. 81.

On December 31, 2020, Wanner filed his third *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing his health and the COVID-19 pandemic as "extraordinary and compelling" reasons for a sentence reduction. See Doc. No. 82. The Government filed a response in opposition to the motion contending Wanner had again failed to provide an appropriate basis for compassionate release. See Doc. No. 92. Wanner filed a reply on March 8, 2021. See Doc. No. 96. The Court denied Wanner's third motion on March 12, 2021. See Doc. No. 101. Wanner appealed the Court's Order on March 26, 2021, and the Eighth Circuit Court of Appeals affirmed the Order on April 20, 2021. See Doc. No. 107.

On November 23, 2021, Wanner filed his fourth *pro se* motion seeking compassionate release and asked to serve the remainder of his sentence on home confinement under 18 U.S.C. § 3582(c)(1)(A) citing his gambling addiction and the lack of treatment or services to address his addiction as "extraordinary and compelling" reasons for a sentence reduction. See Doc. No. 120. The Government filed a response in opposition to the motion contending Wanner has again failed to provide an appropriate basis for compassionate release. See Doc. No. 126. On January 24, 2022, the Court denied Wanner's fourth motion. See Doc. No. 133.

In August and September of 2022 Wanner filed his fifth and sixth *pro se* motions seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing his own health problems as "extraordinary and compelling" reasons for a sentence reduction. See Doc. Nos. 158 and 174. On

February 6, 2023, the Court denied Wanner's fifth and sixth motions for a sentence reduction. See Doc. No. 203.

Now before the Court is Wanner's seventh *pro se* motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) filed on June 25, 2024. See Doc. No. 214. Wanner cites his need to act as a caregiver for his parents as "extraordinary and compelling reasons" justifying the requested sentence reduction. The Government filed a response in opposition to the motion contending Wanner had failed to provide an appropriate basis for a sentence reduction. See Doc. No. 219. Wanner filed a reply brief on August 14, 2024. See Doc. No. 221. Wanner is currently serving his sentence at a residential reentry (halfway house) facility in Minneapolis, Minnesota. His presumptive release date is March 26, 2027.

## II. LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, it is undisputed Wanner has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a

right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the First Step Act was signed into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of

imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

> **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

**(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

> **(1) Medical Circumstances of the Defendant**.--
>
>> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> **(B)** The defendant is–
>>
>>> **(i)** suffering from a serious physical or medical condition,
>>>
>>> **(ii)** suffering from a serious functional or cognitive impairment, or
>>>
>>> **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>>>
>>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> **(C)** The defendant is suffering from a medical condition that requires

long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

**(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such

family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

**(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be

considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

Wanner seeks compassionate release or home confinement to care for his elderly parents, who are in poor health and require assistance. Upon information and belief, Wanner's father passed away while this motion was pending. The Court does not doubt Wanner's mother is need of a high level of care and needs assistance from family and likely placement in a nursing home. However, the Court agrees with the Government that Wanner has not established that he is the "only available caregiver" for his mother under U.S.S.G. § 1B1.13(b)(3)(C) and has thus not demonstrated an "extraordinary and compelling reason" that would warrant a sentence reduction.

There are three individuals who could possibly assist Wanner's mother besides the Defendant:

Wanner's sister, Michelle Wanner; his wife, Debra Wanner; and his adult son. Michelle Wanner is a physician assistant who lives in the Minneapolis, Minnesota area. Michelle Wanner took a leave of absence from her job to care for her parents, but financial circumstances required her to return to her job in Minnesota. Wanner's mother could possibly relocate from Dickinson, North Dakota, to Minneapolis to be near her daughter and receive assistance. While such a move would undoubtably be difficult, it is a common challenge faced by many families dealing with elderly parents. Thus, Michelle Wanner is available as a potential caregiver which takes the case out of the "extraordinary and compelling."

The other potential caregivers are Wanner's wife, Debra, and his adult son, both of whom live in Wanner's home in Bismarck, North Dakota. The record reveals that Wanner's plan is for his mother to live with himself, Debra, and their adult son in the family home in Bismarck. Wanner fails to adequately explain why neither is an available caregiver beyond stating they work full-time. If Wanner's mother is in need of 24-hours a day care then she likely needs to be placed in an assisted living facility or a nursing home and his release will not change the situation. There is no doubt incarceration often creates significant hardship for family members. The situation Wanner describes in his motion is not "extraordinary." Rather, it is a common scenario for incarcerated individuals with elderly parents in need of assistance and care.

In addition, the Court concludes the Section 3553(a) factors weigh against any sentence reduction. The offense conduct in this case was egregious. Wanner utilized a sophisticated financial Ponzi scheme to steal more than $3 million dollars from 39 victims, including his own parents. The advisory Sentencing Guideline range was 135-168 months of imprisonment. The Defendant was sentenced at the low end of the advisory Sentencing Guidelines which was intended to reflect the seriousness of crimes committed, to promote respect for the law, and to provide just punishment.

Wanner has now been released by the BOP to a residential reentry facility in the Twin Cities. While sympathetic to the hardships his family is facing, the Court cannot ignore the financial hardships Wanner visited on many other families. The Court concludes Wanner has failed to sustain his burden of proof to demonstrate an "extraordinary and compelling reason" that would warrant a sentence reduction.

### III.  CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 214) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of February, 2025.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court